UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:08 CR 70 |
| | ) | (No. 2:10 CV 110) |
| JOSHUA DON YOUNG | ) | |

**OPINION and ORDER**

On April 13, 2010, a judgment (DE # 2) was entered summarily denying and dismissing Joshua Don Young's motion pursuant to 28 U.S.C. § 2255. In that motion, Young contended that he pleaded guilty involuntarily because of ineffective assistance of counsel in regard to his plea agreement. The court found that the record of this case conclusively establishes that Young's claim is meritless.

Young has now moved, pursuant to FED. R. CIV. P. 59(e), for the court to reconsider that determination and vacate the judgment; or, alternatively, to reconsider its decision denying him a certificate of appealability. Because Young filed the motion more than ten days after the entry of judgment (he dated it May 18, 2010), it must be treated as a motion pursuant to RULE 60(b). *Kiswani v. Phoenix Security Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009). The grounds for a motion under RULE 60(b) must be something other than what could be used to obtain reversal on direct appeal. *Id.*

Young's motion doesn't meet this standard. Instead, he makes a new argument going to the underlying merits of the manner in which the court accepted his plea and imposed sentence, and then essentially re-argues the main point of his original motion. The new argument is irrelevant, and, like his main point, simply wrong.

First, the new argument is based on Young's assertion that the court admitted in the order entered on April 13, 2010, that it accepted his plea agreement before receiving and reviewing his presentence report that was prepared by United States Probation. He argues it was error to do so, citing *United States v. Peveler*,* 359 F.3d 369, 376 (6th Cir. 2004). But the discussion in Peveler is concerned with a plea agreement calling for the imposition of a specific sentence—which Young's did not—and so is irrelevant. Moreover, Young has misunderstood the court's April order. In that order the court stated that it accepted Young's guilty *plea* at his July 22, 2008, plea hearing, which is true. The court also, however, deferred acceptance of Young's plea agreement until the time of his sentencing, advising him that, should it reject the agreement (which did not occur), he would be given the opportunity to withdraw his plea. In other words, Young is applying an irrelevant case to factual circumstances that don't exist.

Young's second argument rehashes the main point of his § 2255 motion, that he should be allowed to withdraw his plea because he agreed to plead guilty based on his attorney's prediction that his sentence would be only 36 months in length:

> It is unconscionable and inconceivable that any intelligent person would agree to 108 months instead of 36 months as indicated by the persistent dialogue from Mr. Bosch. Young would definitely have not agreed to a plea of 108 months and requested a jury trial. Therefore, the plea and plea agreement was involuntary, since he relied totally upon counsel Bosch[.]

---

* Young provides the citation for *Peveler*, but calls the case *United States v. Kemper*. *Kemper* is a case discussed on the page of *Peveler* which he cites. *Peveler*, 359 F.3d at 376 (*quoting United States v. Kemper*, 908 F.2d 33, 36-37 (6th Cir. 1990)).

2

(DE # 4 at [CM/ECF] 11.) This argument is completely contradicted by the statements Young made under oath during his plea hearing.

As explained in the court's April order, Young stated under oath at his plea hearing that his attorney had not made any predictions or promise as to the exact sentence that he might receive, and that he might receive a sentence more severe than any estimate his attorney might have made. Moreover, the court made sure that Young understood that he could possibly receive a sentence totaling 40 years, and that he would have no right to withdraw his guilty plea were he to receive a sentence of that length. With the understanding that he faced that risk, Young nevertheless affirmed his decision to plead guilty. Young doesn't claim now that he didn't understand what he told the court under oath, or that he was lying during his plea hearing. He is simply unhappy with the way things turned out, that is, that his sentence was longer than he hoped for. That unhappiness does not show that his plea was the result of ineffective assistance of counsel, or was otherwise involuntary.

For the foregoing reasons, Young's "Rule 59(e) Motion for Reconsideration," (DE # 4), construed as a RULE 60(b) motion, is **DENIED**.

**SO ORDERED.**

Date: June 1, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT